CAROL ANNE ZETTLEMOYER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Zettlemoyer v. Commissioner
Docket No. 10506-76.
United States Tax Court
T.C. Memo 1978-246; 1978 Tax Ct. Memo LEXIS 269; 37 T.C.M. (CCH) 1057; T.C.M. (RIA) 78246; July 3, 1978, Filed Carol Anne Zettlemoyer, pro se. Marc A. Feller, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Edna G. Parker, pursuant to the provisions of section 7456(c) of the Internal Revenue Code of 1954, as amended, and General Order No. 5 of this Court. [1]
The Court agrees *270 with and adopts the opinion of Special Trial Judge Parker which is set forth below. OPINION OF SPECIAL TRIAL JUDGE PARKER, Special Trial Judge: Respondent determined a deficiency in petitioner's Federal income tax for 1974 in the amount of $ 659. The only issue before the Court is whether the amount paid to petitioner by her husband, from whom she was separated, is includable in her gross income under section 71. FINDINGS OF FACT Many of the facts were stipulated, and the stipulation and exhibits thereto are here incorporated by reference. Petitioner's legal residence at the time of filing the petition was Glenside, Pennsylvania. She timely filed her income tax return for the year 1974.
Prior to July of 1973, petitioner separated from her husband, Ronald C. Zettlemoyer. Mr. and Mrs. Zettlemoyer had a son, Christopher, who lived with his mother after his parents' separation. On July 9, 1973, the Court of Common Pleas of Montgomery County, Pennsylvania, issued a support order, which both spouses signed, stating "We hereby agree that the above Order shall be imposed by the Court in our absence and waive our privilege to appear before the Court and be heard." The *271 court order was a printed form with certain items typed in and other items crossed out. It stated that Mr. Zettlemoyer was "ordered to pay to Elmer Lentz, Chief Desertion Officer of Montgomery County, the sum of SEVENTY DOLLARS ($ 70.00) Dollars each WEEK for the support of his wife,Carol and -- for the support of his minorchild,Christopher * * *." (Underscored portions typed in on printed form.) During the year 1974, petitioner received $ 3,350 from her husband pursuant to the above court order, rather than the $ 3,640 which was due. She reported no part of the amount received in her Federal income tax return for the year. On audit, respondent determined that petitioner had received alimony income for 1974 in the amount of $ 3,650 (sic). OPINION Under section 71(a)(3), if a wife is separated from her husband, her gross income includes * * * periodic payments (whether or not made at regular intervals) received by her * * * from her husband under a decree * * * requiring the husband to make the payments for her support or maintenance. * * * Here the payments from the husband were made pursuant to such a family court decree for support. *272 Petitioner counters that at least a part of the money was for the support of their son. Section 71(b) excludes from the wife's income amounts fixed as child support, specifically-- * * * that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. * * * Here the support decree simply provided the sum of $ 70 per week "for the support of his wife,Carol and * * * for the support of his minor child,Christopher", without specifically designating or fixing any amount or portion as child support. Therefore, under the Supreme Court's decision in Commissioner v. Lester,366 U.S. 299 (1961), the whole amount is includable in petitioner's gross income.
Petitioner argues that this result somehow deprives her son of his right to be supported by his father. Support for both mother and child was ordered by the family court. The printed-form court order was designed to allow separate amounts to be designated for the wife and for the children, but that part of the form was crossed out, and the order *273 here was not drafted that way. The family court order accomplished the support goal, but, unfortunately for petitioner, did not do so in a way that would permit petitioner to exclude the child support portion from her gross income. The child has not been deprived of his support, but his mother has been deprived of a tax benefit. The Lester case has been the controlling law in this area for many years now. It is regrettable that taxpayers, such as this petitioner, apparently only learn about Lester after it is too late to do anything about it, thus adding tax grief to domestic grief. Because of the error as to the amount petitioner actually received from her husband in 1974, there must be a recomputation under Rule 155. Decision will be entered under Rule 155. Footnotes
1. Pursuant to General Order No. 5 dated October 1, 1976, the post-trial procedures set forth in Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable to this case.